Case 3:10-cv-01749-FLW-LHG Document 87 Filed 03/01/12 Page 1 of 7 PageID: 1662
Case NJ/3:10-cv-00953 Document 1 Filed 03/05/12 Page 1 of 7
Case 3:10-cv-01749-FLW-LHG Document 83-3 Filed 02/14/12 Page 1 of 7 PageID: 1601

**HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP**
One Gateway Center
Newark, New Jersey 07102-5386
Tel: (973) 621-9020
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VERIZON WIRELESS DATA CHARGES LITIGATION | Civil Action No. 3:10-civ-01749-FLW-LHG<br><br>Honorable Freda L. Wolfson<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |



RECEIVED MAR - 1 2012 AT 8:30 WILLIAM T. WALSH CLERK

This matter was heard on March 1, 2012, at 10:00 a.m. The Court has considered the Class Settlement Agreement and Release ("Agreement"), all objections to the proposed Settlement as well as written comments received regarding the proposed Settlement, the record in the Actions, and the briefs and arguments of counsel. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal With Prejudice ("Judgment"), adopts the terms and definitions set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Actions, Plaintiffs, the Settlement Class Members, and defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless").

3. The Court hereby confirms and grants final certification to the Settlement Class of all former or current Verizon Wireless Customers nationwide who incurred one or more pay-as-you-go data usage charge(s) at any time from the date when billing for data usage on a megabyte basis commenced in November 2007 to January 31, 2011. The Court finds that the requirements of Federal Rule of Civil Procedure 23 for maintenance of this action as a class action have been satisfied in all respects.

4. The Court finds that the notice to the Settlement Class of the pendency of the Actions and of this settlement, as provided by the Agreement and by an Order of this Court dated June 28, 2011, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

5. Notifications of this settlement were provided to the appropriate officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711-1715. The Court has reviewed such notifications and accompanying materials and finds that these notifications comply fully with any applicable requirements of CAFA.

6. The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class, and by taking other steps to negotiate, execute and implement the Agreement, Defendant is not in any way waiving any other rights it may have to require arbitration of any claims, including, but not limited to rights, if any, it may have (a) to require arbitration of any of the Released Claims if Final Settlement Approval does not occur or if the Agreement terminates prior to the Effective Date, or (b) as to any person who timely and properly opts out of the Settlement Class as permitted by the Court. In addition, neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Agreement terminates or Final Settlement Approval does not occur.

7. The Court has considered and overruled all objections to the settlement.

8. The Court approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members, and the Settling Parties are hereby directed to perform its terms.

9. Pursuant to the Agreement and upon the Effective Date, Verizon Wireless shall do the following:

a. In addition to the credits and refunds issued as part of the Credit and Refund Program, Verizon Wireless shall, to the extent it has not

already done so, provide credits or refunds to current and former subscribers who can be identified through reasonable efforts and who Verizon Wireless determined through the confirmatory discovery process may have been mistakenly charged for pay-as-you-go data usage.

b. If a Settlement Class Member contacts Verizon Wireless by October 28, 2012 to request a refund for a pay-as-you-go data charge paid by that Settlement Class Member for which he or she did not receive a credit or refund, Verizon Wireless shall promptly initiate a review of the Settlement Class Member's past data usage and charges to determine whether he or she is entitled to a reimbursement, and if so, shall issue a credit or refund to that Settlement Class Member. Verizon Wireless shall seek in good faith to resolve such requests within thirty (30) days after it has the necessary information, either from its own databases or from the customer.

c. For 24 months from the Effective Date, Verizon Wireless shall not charge Settlement Class Members for access to MyVerizon or for access to the Verizon Wireless Mobile Web home page through the WAP gateway, so long as the Settlement Class Members do not navigate from that web page to a third party website.

10. The Court adjudges that the payment of attorneys' fees and expenses in the total amount of $2,700,000.00 to Class Counsel is fair, reasonable and adequate, and that this amount shall be paid to Class Counsel pursuant to the terms of the Agreement. Lead Class Counsel shall be authorized to pay from the Fee Amount an incentive award to each named class representative, not to exceed $250 each.

11. As of the Effective Date, Plaintiffs and all Settlement Class Members shall be forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any capacity, in

any action or proceeding that involves or asserts any of the Released Claims against any of the Released Parties and shall conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims.

12. Plaintiffs and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. Plaintiffs and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

13. The benefits and payments described in Paragraphs 9 and 10 are the only consideration, fees and expenses that Verizon Wireless or the Released Parties shall be obligated to give to Plaintiffs, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

14. The Actions and all claims asserted in the Actions are dismissed on the merits and with prejudice as to Plaintiffs and all Settlement Class Members. Notwithstanding the foregoing, this Judgment does not dismiss any of the individual claims asserted by any persons or entities who have validly and timely requested exclusion from the Settlement Class as provided for in sections 7.2-7.3 of the Agreement. A list of persons and entities who validly and timely requested exclusion is attached as Exhibit 1.

15. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Actions, Plaintiffs, the Settlement Class Members, and Verizon Wireless for purposes of supervising the

implementation, enforcement, construction, and interpretation of the Agreement and this Order.

16. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any of the Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Actions, or of any alleged wrongdoing, liability, negligence, or fault of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Released Parties or Plaintiffs, or any of them, that any of the Plaintiffs' claims are with or without merit, or that the consideration to be given in this Settlement represents an amount equal to, less than or greater than any amount which could have or would have been recovered after trial. Any of the Released Parties or Plaintiffs may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in a proceeding to consummate or enforce the Agreement or Judgment, or as otherwise required by law.

17. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Judgment shall be rendered null

and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered in connection with this Settlement shall be null and void to the extent provided by and in accordance with the Agreement.

18. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) as (a) shall be consistent in all material respects with this Judgment, or (b) do not limit the rights of Settlement Class Members.

19. All other relief not expressly granted to the Settlement Class Members is denied.

Dated: March 1, 2012

Honorable Freda L. Wolfson
United States District Judge